■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HSI ASSET SECURITIZATION CORPORATION TRUST 2006-WMC1, 3476 Stateview Boulevard, Ft. Mill, SC 29715, Appellant, v STUART BREWTON, Respondent, et al., Defendants. [37 NYS3d 25]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated June 26, 2013, as denied its motion, inter alia, for summary judgment on the complaint and granted that branch of the cross motion of the defendant Stuart Brewton which was to compel discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Stuart Brewton which was to compel discovery, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On April 3, 2006, the defendant Stuart Brewton (hereinafter

the defendant) obtained a loan in the amount of $496,000 from nonparty WMC Mortgage Corp. In return, the defendant executed a note and gave a mortgage on certain real property. The note contains an undated endorsement in blank by "Alex Arguello, Asst. Sect. WMC Mortgage Corp." The defendant allegedly defaulted under the terms of the note by failing to make the payment due on August 1, 2009. On January 8, 2010, the plaintiff commenced this foreclosure action. In his answer, the defendant asserted the defense of lack of standing.

The plaintiff subsequently moved, inter alia, for summary judgment on the complaint. The defendant cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff lacked standing or, in the alternative, to compel further unspecified discovery. The Supreme Court denied the plaintiff's motion and that branch of the defendant's motion which was for summary judgment dismissing the complaint, and granted that branch of the defendant's cross motion which was to compel discovery. The plaintiff appeals.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). "Where, as here, standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief" (*Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015] [internal quotation marks omitted]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *U.S. Bank N.A. v Handler*, 140 AD3d 948 [2016]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]).

Here, the plaintiff failed to establish, prima facie, that it was a holder or assignee of the note prior to commencement of the action. "[A] promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (*Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674 [2007]; *see* UCC 3-104 [2] [d]). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201 [b] [21]; *see* UCC 3-301 ["The holder of an instrument whether

or not he is the owner may . . . enforce payment in his own name"]). Where, as here, the instrument is endorsed in blank, it may be negotiated by delivery (*see* UCC 3-202 [1]; 3-204 [2]). Accordingly, to establish standing as holder of the note, the plaintiff was required to demonstrate that it was in physical possession of the note endorsed in blank prior to commencement of the action.

"To obtain summary judgment it is necessary that the movant establish his cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in his favor, and he must do so by tender of evidentiary proof *in admissible form*" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980] [citation and internal quotation marks omitted; emphasis added]). Here, the plaintiff attempted to establish its standing by submitting the affidavit of Angela Frye, Vice President of Loan Documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the servicer of the defendant's loan on behalf of the plaintiff. Frye averred, in relevant part, that she "reviewed the books and records regularly maintained by Wells Fargo in the ordinary course of its business as servicer of Defendant's loan for and on behalf of the Trust," and that "Wells Fargo's regularly maintained records reflect that both the original Note, indorsed in blank by WMC Mortgage Corp., and the Mortgage were physically delivered to the Trust prior to the commencement of this action." The plaintiff failed to demonstrate that the records relied upon by Frye were admissible under the business records exception to the hearsay rule (*see* CPLR 4518 [a]) because Frye, an employee of Wells Fargo, did not attest that she was personally familiar with the plaintiff's record-keeping practices and procedures (*see U.S. Bank N.A. v Handler*, 140 AD3d 948 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650 [2016]; *Citibank, N.A. v Cabrera*, 130 AD3d 861, 861 [2015] ["A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures"]; *see also Matter of Leon RR*, 48 NY2d 117, 122 [1979]).

The plaintiff also failed to establish, in the alternative, through the submission of excerpts of a Pooling and Servicing Agreement, that it had standing by virtue of a written assignment of the note prior to commencement of the action (*see US Bank N.A. v Weinman*, 123 AD3d 1108, 1110 [2014]).

Accordingly, since the plaintiff failed to establish, prima facie, that it had standing as holder or assignee of the note prior to commencement of the action, the Supreme Court properly

denied its motion, inter alia, for summary judgment on the complaint (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652).

However, the Supreme Court improvidently granted that branch of the defendant's motion which was to compel further unspecified discovery, as the defendant failed to identify what discovery he sought or establish that the plaintiff had ignored a proper discovery demand (*see* CPLR 3101 [a]; *see also* CPLR 3124; *Altonen v Kmart of NY Holdings, Inc.*, 94 AD3d 920 [2012]; *cf. U.S. Bank N.A. v Ventura*, 130 AD3d 919 [2015]). Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.