■ U.S. BANK NATIONAL ASSOCIATION, Respondent, v ALBA A. CRUZ et al., Defendants, and KINGS REALTY & MANAGEMENT SERVICES, INC., Appellant. [47 NYS3d 459]—

In an action to foreclose a mortgage, the defendant Kings Realty & Management Services, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered April 14, 2015, as, upon a decision of the same court (Strauss, J.), dated October 28, 2014, granted the plaintiff's motion for summary judgment on the complaint and to strike its answer, and denied its cross motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage given by the defendant Alba A. Cruz as security for a note. During the pendency of a prior mortgage foreclosure action, which was discontinued, Cruz transferred title to the property to Kings Realty & Management Services, Inc. (hereinafter the appellant), which was named as a defendant in this action. The plaintiff moved, inter alia, for summary judgment on the complaint and to strike the appellant's answer, which, among other things, raised lack of standing as an affirmative defense. The appellant cross-moved, in effect, for summary judgment dismissing the complaint. The Supreme Court granted those branches of the plaintiff's motion and denied the appellant's motion.

" 'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default' " (*Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016], quoting *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). However, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (*see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684). "A 'holder' is 'the person in possession of a negotiable instrument

that is payable either to bearer or to an identified person that is the person in possession' " (*Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684, quoting UCC 1-201 [b] [21]; *see* UCC 3-202 [1]; 3-204 [2]; *Deutsche Bank Natl. Trust Co. v Webster*, 142 AD3d 636, 638 [2016]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375, 1376 [2015]).

Here, the plaintiff produced the mortgage, the unpaid note, and evidence of Cruz's default. In addition, it established its standing as a holder of the note at the time the action was commenced by demonstrating, prima facie, that its counsel was in possession of the original note endorsed in blank, as of July 11, 2013, and that the action was commenced on July 25, 2013 (*see PennyMac Corp. v Chavez*, 144 AD3d 1006 [2016]; *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 645 [2016]; *JPMorgan Chase Bank, N.A. v Roseman*, 137 AD3d 1222, 1223 [2016]).

The appellant's remaining contention is without merit.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the appellant's answer, and denied the appellant's cross motion, in effect, for summary judgment dismissing the complaint. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.