Green Tree Servicing, LLC v Vitaliti (2018 NY Slip Op 02601)





Green Tree Servicing, LLC v Vitaliti


2018 NY Slip Op 02601


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-03453
 (Index No. 35465/13)

[*1]Green Tree Servicing, LLC, respondent, 
v
Justine Vitaliti, etc., appellant, et al., defendants.


Vital & Associates, PLLC, New York, NY (Y. Andre Vital of counsel), for appellant.
Fein Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Justine Vitaliti appeals from a judgment of foreclosure and sale of the Supreme Court, Rockland County (William A. Kelly, J.), dated May 26, 2017, which, upon an order of the same court dated March 14, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her, striking her answer, and directing the appointment of a referee, and denying that branch of her cross motion which was for summary judgment dismissing the complaint insofar as asserted against her, is in favor of the plaintiff and against her, directing the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Justine Vitaliti, striking that defendant's answer, and directing the appointment of a referee are denied, the order dated March 14, 2016, is modified accordingly, and the answer of the defendant Justine Vitaliti is reinstated.
On July 12, 2005, the defendant Justine Vitaliti and the defendant Joseph W. Lopez executed a promissory note in the amount of $304,000 in favor of GMAC Mortgage Corporation (hereinafter GMAC). The note was secured by a mortgage encumbering real property located in Valley Cottage, New York. In August 2008, Lopez and Vitaliti deeded the subject property to Vitaliti. On September 17, 2010, Vitaliti entered into a loan modification agreement with GMAC's successor, GMAC Mortgage, LLC. Vitaliti thereafter allegedly defaulted on the loan by failing to make the monthly installment payments due June 1, 2012, and thereafter.
In October 2013, the plaintiff commenced this action against Vitaliti and others to foreclose the mortgage, alleging, in relevant part, that it was the holder of the subject note, which had been endorsed and negotiated. Vitaliti served an answer in which she raised, inter alia, lack of standing as an affirmative defense.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Vitaliti, to strike Vitaliti's answer, and for the appointment of a referee. Vitaliti cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. In an order dated March 14, 2016, the Supreme Court granted the plaintiff's motion and denied Vitaliti's cross motion. A judgment was subsequently entered in favor of the plaintiff and against Vitaliti, directing the sale of the subject premises. Vitaliti appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see U.S. Bank N.A. v Cruz, 147 AD3d 1103, 1103). However, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "A holder' is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684, quoting UCC 1-201[b][21]; see Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376).
Here, the plaintiff produced the mortgage, the unpaid note, and evidence of Vitaliti's default. However, the plaintiff failed, prima facie, to establish its standing. Where, as here, the note has been endorsed in blank, the purported holder of the note must establish its standing by demonstrating that the original note was physically delivered to it prior to the commencement of the action (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754). The plaintiff attempted to establish its standing through the affidavit of Chelsie Hall, a document execution specialist at Ditech Financial, LLC (the name under which the plaintiff currently conducts business). Based on her review of the plaintiff's business records, Hall averred, in relevant part, that "[the] [p]laintiff acquired the original [n]ote on July 25, 2005." However, the additional documentary evidence submitted by the plaintiff in support of its motion for summary judgment showed that Vitaliti continued to deal with the originating lender, GMAC, until at least 2012. As Vitaliti correctly contends, these documents, at minimum, raise questions as to the accuracy of the July 25, 2005, date provided by Hall, which was the only proof relied upon by the plaintiff to establish its standing. Absent any other admissible proof that the plaintiff had received physical delivery of the original note prior to the commencement of the action, or any other explanation that would resolve the questions raised by the plaintiff's own documentary evidence, the plaintiff failed to establish, prima facie, its standing to commence the action. Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Vitaliti, to strike Vitaliti's answer, and to direct the appointment of a referee should have been denied, regardless of the sufficiency of Vitaliti's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Contrary to Vitaliti's contention, however, the Supreme Court did not err in denying her cross motion for summary judgment dismissing the complaint insofar as asserted against her, as she failed to establish her prima facie entitlement to such relief (see id.).
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court