Bank of N.Y. Mellon v Phyllis Theobalds (2018 NY Slip Op 03824)





Bank of N.Y. Mellon v Phyllis Theobalds


2018 NY Slip Op 03824


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-11000
2015-11002
 (Index No. 700720/15)

[*1]Bank of New York Mellon, etc., respondent, 
v
Phyllis Theobalds, et al., appellants, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Juan Paolo Dizon of counsel), for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Jessica J. Yoo and Geraldine Cheverko of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Phyllis Theobalds and Oral Theobalds appeal from two orders of the Supreme Court, Queens County (Thomas D. Raffaele, J.), both entered September 29, 2015. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this mortgage foreclosure action in January 2015 against Phyllis Theobalds and Oral Theobalds (hereinafter together the defendants), among others. The defendants interposed a verified answer generally denying the allegations in the complaint and asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In two orders, both entered September 29, 2015, the Supreme Court granted
the motion. The defendants appeal.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). However, where a defendant places standing in issue, the plaintiff must also prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement [*2]of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, the plaintiff established its standing to commence the action by demonstrating that the note was in its possession at the time it commenced the action, as evidenced by its attachment of a copy of the note, indorsed in blank, to the complaint at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). The plaintiff further sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage, the note, and evidence of the defendants' default in repaying the mortgage loan (see U.S. Bank N.A. v Saravanan, 146 AD3d at 1011). In opposition, the defendants failed to raise a triable issue of fact (see Emigrant Bank v Marando, 143 AD3d 856; TD Bank, N.A. v Mandia, 133 AD3d 590, 591; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and to appoint a referee to ascertain and compute the amount due to the plaintiff.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court