U.S. Bank N.A. v Rose (2018 NY Slip Op 07347)





U.S. Bank N.A. v Rose


2018 NY Slip Op 07347


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-04410
 (Index No. 7683/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Fransciene Rose, et al., appellants, et al., defendants.


Law Offices of Audrey Thomas, PLLC, Rosedale, NY, for appellants.
Ballard Spahr LLP, New York, NY (Adam P. Hartley of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Fransciene Rose and Charles Rose appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated February 9, 2016. The order, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint and denied the appellants' cross motion for a bad faith hearing pursuant to CPLR 3408(f).
ORDERED that the order is affirmed, with costs.
In February 2007, the defendant Fransciene Rose executed a promissory note in favor of Suntrust Mortgage, Inc. (hereinafter Suntrust), which was secured by a mortgage executed by her and the defendant Charles Rose (hereinafter together the defendants) encumbering certain residential property in Hempstead. In June 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants. The defendants interposed an answer with various affirmative defenses, including the plaintiff's alleged lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and to appoint a referee to compute the amount due and owing. The defendants opposed the plaintiff's motion and cross-moved for a bad faith hearing pursuant to CPLR 3408(f). The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
Where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862; U.S. Bank, N.A. v Noble, 144 AD3d 786). Here, contrary to the defendants' contention, the plaintiff established its standing as the holder of the note when the action was commenced (see Bank of N.Y. Mellon v Lopes, 158 AD3d 662; U.S. Bank N.A. v Henry, 157 [*2]AD3d 839, 841; U.S. Bank N.A. v Saravanan, 146 AD3d at 1011; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645).
Contrary to the defendants' contention, the plaintiff's motion was not premature, as the defendants offered mere hope and speculation that evidence sufficient to defeat the plaintiff's motion may be uncovered during the discovery process and failed to establish that the plaintiff ignored a proper discovery demand (see CPLR 3101[a]; HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944; Reale v Tsoukas, 146 AD3d 833, 835; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 686).
We agree with the Supreme Court's denial of the defendants' cross motion for a bad faith hearing pursuant to CPLR 3408(f), inasmuch as their submissions failed to establish that the plaintiff did not negotiate in good faith (see PNC Bank, N.A. v Campbell, 142 AD3d 1147, 1148; US Bank N.A. v Sarmiento, 121 AD3d 187, 203).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion and deny the defendants' cross motion.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court