U.S. Bank N.A. v Mezrahi (2019 NY Slip Op 01249)





U.S. Bank N.A. v Mezrahi


2019 NY Slip Op 01249


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-09317
 (Index No. 3072/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Michelle F. Mezrahi, etc., et al., appellants, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Madeline Greenblatt of counsel), for appellants.
Parker Ibrahim & Berg LLC, New York, NY (Scott W. Parker and Charles W. Miller III of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michelle F. Mezrahi and Joseph Mezrahi appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated April 20, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and denied those defendants' cross motion pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them for lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2004, the defendants Michelle F. Mezrahi and Joseph Mezrahi (hereinafter together the appellants) borrowed the sum of $596,581 from Washington Mutual Bank, FA (hereinafter Washington Mutual). The loan was consolidated with a prior consolidated loan, as evidenced by a consolidated note in the principal sum of $800,000, and a consolidation, extension, and modification agreement (hereinafter CEMA), both in favor of Washington Mutual.
In February 2014, the plaintiff commenced this action against the appellants, among others, to foreclose the consolidated mortgage. The appellants interposed an answer asserting various affirmative defenses, including lack of standing and failure to comply with conditions precedent to foreclosure including RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference. The appellants opposed the motion and cross-moved pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them for lack of standing. In an order dated April 20, 2016, the Supreme Court granted the plaintiff's motion and denied the appellants' cross motion.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be [*2]entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, the note, indorsed in blank, was annexed to the complaint as Exhibit K at the time the action was commenced, which was sufficient to establish standing (see US Bank N.A. v Coppola, 156 AD3d 934; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Contrary to the appellants' contention, the plaintiff's specific argument that it established its standing by annexing the note to the complaint, although raised for the first time on appeal, involves a question of law that appears on the face of the record, and could not have been avoided if brought to the attention of the Supreme Court (see U.S. Bank N.A. v Bassett, 137 AD3d 1109; Loiacono v Goldberg, 240 AD2d 476).
In opposition to the plaintiff's motion, the appellants failed to raise a triable issue of fact and, in support of their cross motion, failed to establish, prima facie, the plaintiff's lack of standing as a matter of law (see US Bank N.A. v Coppola, 156 AD3d at 935; HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 984). The appellants' contention that the affidavits of two employees of the plaintiff's loan servicer were insufficient to establish standing is without merit, as "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see UCC 3-204[2]). "Moreover, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
The appellants' contention that the plaintiff failed to sufficiently demonstrate its compliance with RPAPL 1304 is improperly raised for the first time on appeal (see Bank of Am., N.A. v Barton, 149 AD3d 676, 679; Emigrant Bank v Marando, 143 AD3d 856, 857; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference, and denying the appellants' cross motion to dismiss the complaint insofar as asserted against them.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court