Wells Fargo Bank, N.A. v Atedgi (2019 NY Slip Op 02144)





Wells Fargo Bank, N.A. v Atedgi


2019 NY Slip Op 02144


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-03713
2018-04732
 (Index No. 19785/12)

[*1]Wells Fargo Bank, N.A., plaintiff-respondent,
v
Moshe Atedgi, appellant, et al., defendants; U.S. Bank, N.A., nonparty-respondent. (Appeal No. 1)
U.S. Bank, N.A., etc., respondent,
v
Moshe Atedgi, appellant, et al., defendants. (Appeal No. 2)


Joseph A. Altman, P.C., Bronx, NY, for appellant.
Gross Polowy, LLC, Williamsville, NY (Alexandra Heaney of counsel), for nonparty-respondent in Appeal No. 1 and respondent in Appeal No. 2.
In an action to foreclose a mortgage, the defendant Moshe Atedgi appeals from (1) an order of the Supreme Court, Queens County (Frederic D.R. Sampson, J.), entered February 22, 2016, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered December 19, 2017. The order, insofar as appealed from, granted those branches of the motion of U.S. Bank, N.A., which were for summary judgment on the complaint insofar as asserted against the defendant Moshe Atedgi, to strike that defendant's answer, and for an order of reference, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The order and judgment of foreclosure and sale, upon the order entered February 22, 2016, inter alia, directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated March 29, 2018, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order entered February 22, 2016, on the ground that the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale on December 19, 2017. By decision and order on motion of this Court dated May 30, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the motion of U.S. Bank, N.A., which were for summary judgment on the complaint insofar as asserted against the defendant Moshe Atedgi, to strike that defendant's answer, and for an order of reference are denied, and the order entered February 22, 2016, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Moshe Atedgi.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In September 2012, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action against, among others, the defendant Moshe Atedgi (hereinafter the defendant) to foreclose a mortgage on certain real property in Rosedale. The defendant served a verified answer asserting various affirmative defenses, including lack of standing. Thereafter, Wells Fargo assigned the mortgage to U.S. Bank, N.A. (hereinafter U.S. Bank).
U.S. Bank, as Wells Fargo's assignee, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order entered February 22, 2016, the Supreme Court granted U.S. Bank's motion and denied the defendant's cross motion. On December 19, 2017, the court entered an order and judgment of foreclosure and sale, inter alia, directing the foreclosure sale of the property. The defendant appeals, arguing that the court should have denied those branches of U.S. Bank's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and should have granted his cross motion for summary judgment dismissing the complaint insofar as asserted against him.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, U.S. Bank failed to demonstrate, prima facie, that Wells Fargo had standing to commence this action. In support of its motion, U.S. Bank relied upon the affidavit of an assistant vice president of its loan servicer, Rushmore Loan Management Services, LLC (hereinafter Rushmore). The assistant vice president stated, based upon her review of Rushmore's business records relating to the subject loan, that Wells Fargo, the original lender, delivered the original note to U.S. Bank subsequent to the commencement of the action, on December 6, 2012. This affidavit was insufficient, because, inter alia, U.S. Bank made no evidentiary showing as to whether Wells Fargo had physical possession of the note at the time the action was commenced. Accordingly, those branches of U.S. Bank's motion which were for summary judgment on the complaint insofar as [*2]asserted against the defendant, to strike his answer, and for an order of reference should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court's determination to deny the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. "[T]he burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652). Here, the defendant, who merely relied upon U.S. Bank's submissions, failed to make a prima facie showing that Wells Fargo lacked standing (see Aurora Loan Servs., LLC v Mercius, 138 AD3d at 652; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 59-60).
Moreover, the defendant failed to demonstrate, prima facie, that Wells Fargo did not satisfy a condition precedent to foreclosure by delivering or mailing a notice of default pursuant to paragraphs 15 and 22 of the mortgage (cf. Wells Fargo Bank, N.A. v Eisler, 118 AD3d 982). Additionally, the defendant failed to establish that the subject loan was a "home loan" within the meaning of RPAPL 1304, and that the plaintiff was therefore required to comply with the statutory notice provisions of RPAPL 1304 (cf. HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056-1057; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825; Bayview Loan Servicing, LLC v Akande, 154 AD3d 694, 695).
The defendant's remaining contentions either need not be reached in light of our determination, or are improperly raised for the first time on appeal.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court