U.S. Bank Trust, N.A. v Porter (2019 NY Slip Op 06112)





U.S. Bank Trust, N.A. v Porter


2019 NY Slip Op 06112


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-09287
 (Index No. 1176/15)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Georgia Porter, etc., appellant, et al., defendants.


Law Office of Carol Richman, PLLC, New Paltz, NY, for appellant.
Day Pitney LLP, New York, NY (Rachel G. Packer and Alfred W. J. Marks of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Georgia Porter appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated May 26, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Georgia Porter and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2007, the defendant Georgia Porter (hereinafter the defendant) borrowed the sum of $78,747.20 from nonparty Beneficial Homeowner Service Corporation. The loan was memorialized by a note and secured by a mortgage encumbering certain real property in Middletown. The defendant allegedly defaulted on the payment due on April 24, 2010.
In February 2015, the plaintiff commenced this foreclosure action against, among others, the defendant. After the matter was released from the foreclosure settlement conference part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion, arguing, among other things, that the plaintiff lacked standing to commence the action and failed to negotiate in good faith pursuant to CPLR 3408. In an order dated May 26, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 [*2]NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage, the note, and evidence of the defendant's default (see JPMorgan Chase Bank v Mi Hyang Yang, 170 AD3d 694; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). Additionally, the plaintiff established its standing to commence the action by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, endorsed in blank, to the certificate of merit filed with the summons and complaint (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Emigrant Bank v Larizza, 129 AD3d 904, 905; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152). In opposition, the defendant failed to raise a triable issue of fact.
Contrary to the defendant's contention, the record does not reflect that the plaintiff failed to negotiate in good faith pursuant to CPLR 3408 (see PNC Bank, N.A. v Campbell, 142 AD3d 1147, 1148; Retained Realty, Inc. v Syed, 137 AD3d 1099, 1100; Deutsche Bank Natl. Trust Co. v Twersky, 135 AD3d 895, 896; Bank of N.Y. v Castillo, 120 AD3d 598, 600).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court