Deutsche Bank Natl. Trust Co. v Finger (2021 NY Slip Op 03823)





Deutsche Bank Natl. Trust Co. v Finger


2021 NY Slip Op 03823


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-03038
 (Index No. 60120/14)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Scott H. Finger, etc., et al., defendants, Jericho Equity Group, Ltd., appellant.


Christopher Thompson, West Islip, NY, for appellant.
Roach & Lin, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jericho Equity Group, Ltd., appeals from an order and judgment (one paper) of foreclosure and sale of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), entered December 19, 2017. The order and judgment of foreclosure and sale, upon an order of the same court dated August 15, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jericho Equity Group, Ltd., to strike that defendant's answer, and for an order of reference, and denying that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and an order of the same court dated August 11, 2016, granting the same relief to the plaintiff and referring the matter to a referee to compute the amount due to the plaintiff, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On August 5, 2005, the defendant Scott H. Finger executed a note in the sum of $493,576 in favor of America's Wholesale Lender (hereinafter AWL). The note was secured by a mortgage on residential property in Smithtown (hereinafter the subject property), which was executed by Finger and by Lois Miller (hereinafter Miller). By deed dated January 30, 2008, Miller transferred her interest in the subject property to Finger. Finger allegedly defaulted on his obligations under the note and mortgage by failing to make the monthly payments due on October 1, 2008, and thereafter.
By assignment of mortgage dated February 22, 2012, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for AWL, assigned the mortgage to Bank of America, N.A. (hereinafter BANA). By deed dated May 1, 2012, Finger transferred the subject property to Jericho Equity Group, Ltd. (hereinafter Jericho). By Assignment of Mortgage dated June 13, 2013, BANA assigned the mortgage to the plaintiff.
On January 8, 2014, the plaintiff commenced this action against Finger and Jericho, [*2]among others, to foreclose the mortgage. Jericho interposed an answer in which it asserted various affirmative defenses, including lack of standing.
In July 2014, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike Jericho's answer, and for an order of reference. Jericho cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated August 15, 2016, the Supreme Court granted the plaintiff's motion and denied Jericho's cross motion. In an order dated August 11, 2016, the court, inter alia, referred the matter to a referee to compute the amount due to the plaintiff.
Thereafter, in August 2017, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. Jericho opposed the motion. In an order and judgment of foreclosure and sale entered December 19, 2017, the Supreme Court, inter alia, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. Jericho appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). When a defendant has placed standing in issue, the plaintiff also must establish proper standing as part of its prima facie case (see id. at 684). "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (US Bank N.A. v Madero, 80 AD3d 751, 753, quoting U.S. Bank, N.A. v Collymore, 68 AD3d at 754).
Contrary to the plaintiff's contention, Jericho did not waive a defense based on lack of standing, as it raised the defense as an affirmative defense in its answer. However, the plaintiff established, prima facie, that it had standing to commence the action by demonstrating that it was in physical possession of the note, endorsed in blank, which was annexed to the complaint, at the time this action was commenced (see Bayview Loan Servicing, LLC v Leibowitz, 185 AD3d 769, 771).
The plaintiff also established its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage, the unpaid note, and evidence of default on the loan (see Bank of N.Y. v C & L Interiors, Inc., 168 AD3d 800, 801).
In opposition to the plaintiff's prima facie showing, Jericho failed to raise a triable issue of fact.
Contrary to Jericho's contention, as a stranger to the note and mortgage, it lacked standing to assert a defense based on the plaintiff's alleged failure to serve the borrower with a notice of default, as required by the mortgage (see Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024). In any event, Jericho waived this defense by failing to plead the defense in its answer with the particularity required by CPLR 3015(a) (see Caliber Home Loans, Inc. v Squaw, 190 AD3d 926, 928).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Jericho, to strike its answer, and for an order of reference, and denied Jericho's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
The Supreme Court also properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. Contrary to Jericho's contention, under [*3]the circumstances of this case, the referee was not required to hold a hearing (see Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707, 708). Moreover, Jericho failed to object to the referee's computations and findings, notwithstanding having been provided with an opportunity to do so.
Jericho's remaining contentions are improperly raised for the first time on appeal.
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court