| **Ying Yang v Hall** |
|:---:|
| 2024 NY Slip Op 31865(U) |
| May 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656358/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

------------------------------------------------------------------------------------X

YING YANG,

                                        Plaintiff,

                            - v -

GREGORY HALL, HALL DETAILS, LLC, DOES 1-10

                                    Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 656358/2022 |
| **MOTION DATE** | 05/23/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for                       DISCOVERY                        .

       Plaintiff's motion to compel discovery is denied.

**Background**

       In this action for breach of contract, plaintiff sues to get her deposit back.  Plaintiff alleges that defendants (a contractor and his contracting business) took her deposit of $18,872 when she contracted with them to perform renovations on her apartment.  Shortly thereafter, however, plaintiff discovered defendants did not have insurance; she cancelled the contract and requested that her deposit be refunded.  Defendants never performed the work and have failed to give her back her deposit.

       During the course of litigation, the parties entered a discovery stipulation that required discovery demands to be served by May 30, 2023 and responses by July 7, 2023. The record reflects that on July 17, 2023, ten days after the deadline, plaintiff served a set of discovery demands on defendants via email to his attorney. Defendants' attorney responded to plaintiff, in

**656358/2022   YANG, YING vs. HALL, GREGORY ET AL**
  Motion No.  001

**Page 1 of 5**

1 of 5

error and presumably meant to his office staff, "Please send these to our client and ask him to provide responsive documents within 20 days," (NYSCEF Doc. No. 38). Defendants' attorney then apologized for accidentally sending the email to opposing counsel.  But it shows he received the demands from plaintiff.

Plaintiff followed up on the discovery demands five other times, once at the end of August 2023, and four times in September 2023 (NYSCEF Doc. Nos. 39, 40, 41, 42, 43). Defendants never responded to plaintiff's emails.  In the meantime, three discovery conferences were scheduled and then adjourned because neither party bothered to update this Court regarding the status of discovery.

Ignoring many opportunities for the Court to address the alleged discovery failures, plaintiff now moves to compel discovery, or alternatively, to strike defendants' answer, and contends that defendants have failed to respond to the July 17, 2023 demands. Plaintiff argues that defendants are willfully withholding necessary information and emphasizes that plaintiff has sent multiple letters to defendants seeking a response to the demands.

In opposition, defendants' attorney filed a letter contending that he never received the demands and that the record shows there are three court orders that establish the parties never submitted any discovery updates. Moreover, defendants maintain that they sent multiple emails requesting copies of the demands, and plaintiff never replied with copies. Defendants argue that the issue is not ripe for a motion to compel.

In reply, plaintiff contends that a letter in opposition to a motion is insufficient. Plaintiff asserts that the demands were emailed on July 17, 2023, and annexes the emails as exhibits (but never annexes the demands). Plaintiff further argues any emails requesting copies of the demands were sent after plaintiff filed the motion to compel.

**656358/2022   YANG, YING vs. HALL, GREGORY ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

**Discussion**

"Disclosure in civil actions is generally governed by CPLR 3101 (a), which directs: there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof. We have emphasized that the words, 'material and necessary', are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. A party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is "material and necessary"—i.e., relevant—regardless of whether discovery is sought from another party or a non party" (*Forman v Henkin*, 30 NY3d 656, 661, 70 NYS3d 157 [2018] [internal quotations and citations omitted]).

The Court denies the motion because the moving papers are inadequate. First, there are no court orders requiring responses to the demands. This is not surprising, considering the parties ignored three scheduled discovery conferences, where the Court could have ordered that responses be served. This Court will not strike a pleading or impose penalties unless the party has willfully violated discovery orders. Here, the defendants have not violated any orders.

There is another reason the motion is denied. The Court will not grant a motion to compel discovery when the demands themselves remain a mystery. There are no demands annexed to the moving papers and no substantive description of the demands is even before the Court. Without knowing what is contained in the demands, the Court could be compelling a party to respond to demands that are overbroad, burdensome, or entirely irrelevant (*see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 686, 37 NYS3d 25 [2nd Dept 2016] [finding that the trial court correctly denied a motion to compel in which the discovery was unspecified and the

**656358/2022   YANG, YING vs. HALL, GREGORY ET AL**
**Motion No.  001**

**Page 3 of 5**

movant did not identify what discovery he sought]). In the moving papers, plaintiff should have included copies of the demands, specified what was still outstanding and explained why the information sought was relevant.

It is true that defendants' counsel's letter in response is not appropriate. He conveniently avoided claiming he never got the demands in affirmation form. Counsel is advised that making false statements in a submission to the Court, whether in letter or affirmation form, is still a very bad thing to do. As an officer of the Court, an attorney should know better. How can he deny he received the demands when he acknowledged getting them? (*See* NYSCEF Doc 38, where he intended to write his staff "Please send these to our client and ask him to provide responsive documents within 20 days).

It also appears that defendants' counsel has no idea how to communicate with his client. That may or may not be true. But if there has been a breakdown in the attorney-client relationship, there are things attorneys do other than stall and then make up excuses in letters.

**Summary**

The motion is denied for two reasons. First, the movant never presented exactly what demands are outstanding. And even if the movant did provide the unanswered demands, motions to compel should not be made in this part until there are discovery orders requiring a response; here, because the parties ignored discovery conferences, there are no orders requiring responses. It is improper to ignore three conferences over the course of ten months and then request Court intervention in the form of a motion to compel or striking an answer.

Accordingly, it is hereby

ORDERED that plaintiff's motion to compel discovery responses is denied.

The next discovery conference is scheduled for July 8, 2024 at 11:00 a.m.

**656358/2022   YANG, YING vs. HALL, GREGORY ET AL**
**Motion No.  001**

**Page 4 of 5**

4 of 5

[* 4]

By July 1, 2024, the parties shall upload 1) a stipulation about discovery signed by all parties, 2) a stipulation of partial agreement that identifies the areas in dispute or 3) letters explaining why no agreement about discovery could be reached. The Court will then assess whether a conference is necessary (i.e., if the parties agree, then an in-person conference may not be required).

If nothing is uploaded by July 1, 2024, the Court will adjourn the conference or may order a note of issue be filed.

_____5/28/2024_____
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | [X] | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | [X] DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**656358/2022  YANG, YING vs. HALL, GREGORY ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5