Central Mtge. Co. v Resheff (2021 NY Slip Op 06670)





Central Mtge. Co. v Resheff


2021 NY Slip Op 06670


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-10479
 (Index No. 13737/09)

[*1]Central Mortgage Company, respondent,
v
Doron Resheff, et al., appellants, et al., defendants.


J. Douglas Barics, Commack, NY, for appellants.
Berkman Henoch Peterson Peddy & Fenchel, P.C., Garden City, NY (Megan K. McNamara and Rajdai Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Doron Resheff and Karen Resheff appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated July 3, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon (1) an order of the same court (Gerald E. Loehr, J.) dated September 28, 2012, granting that branch of the plaintiff's motion which was for summary judgment dismissing those defendants' second affirmative defense, which alleged lack of standing, (2) an order of the same court (Linda S. Jamieson, J.) dated May 23, 2018, in effect, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer with affirmative defenses, and for an order of reference, and (3) an order of the same court dated May 25, 2018, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer with affirmative defenses, and for an order of reference, among other things, granted those branches of the plaintiff's motion which were to vacate a prior administrative dismissal of the action on January 25, 2019, to restore the action to the court's active calendar, to confirm the referee's report, and for a judgment of foreclosure and sale, denied those defendants' cross motion, inter alia, to dismiss the complaint insofar as asserted against them, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law and the facts, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provisions thereof confirming the referee's report and directing the sale of the subject property; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, without costs or disbursements, that branch of the plaintiff's motion which was to dismiss the second affirmative defense of the defendants Doron Resheff and Karen Resheff, which alleged lack of standing, is denied, those branches of the plaintiff's separate motion which were for summary judgment on the complaint insofar as asserted against the defendants Doron Resheff and Karen Resheff, to strike their answer with affirmative defenses, and for an order of reference are denied, and the orders dated September 28, 2012, May 23, 2018, and May 25, 2018, are modified [*2]accordingly.
On November 7, 2006, Karen Resheff executed and delivered a note (hereinafter the note) to borrow $1,683,500 from MLD Mortgage, Inc. (hereinafter MLD). On that same date, Karen Resheff and Doron Resheff (hereinafter together the defendants) executed a mortgage agreement (hereinafter the mortgage) encumbering residential property located in Scarsdale (hereinafter the property) to secure the note, and delivered the mortgage agreement to Mortgage Electronic Registration Systems (hereinafter MERS), as nominee for MLD.
On or about June 8, 2009, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants, and thereafter moved, inter alia, for summary judgment on the complaint. The defendants cross-moved, among other things, in effect, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated September 28, 2012, the Supreme Court (Gerald E. Loehr, J.), among other things, denied that branch of the plaintiff's motion which was for summary judgment on the complaint on the ground that the plaintiff failed to submit sufficient evidence of the defendants' default on the mortgage. The court also determined that the plaintiff had standing to commence the action, and thus, granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's second affirmative defense, which alleged lack of standing. The court also granted, as unopposed, that branch of the plaintiff's motion which was for summary judgment dismissing all but the first of the remaining affirmative defenses. The court, in effect, denied the defendants' cross motion.
In two subsequent orders dated May 28, 2013, and June 24, 2013, the same court, upon granting the plaintiff leave to renew its prior motion, inter alia, for summary judgment on the complaint, in effect, vacated the determination in the September 28, 2012 order denying summary judgment to the plaintiff, and granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendants' affirmative defenses, and for an order of reference. In a judgment of foreclosure and sale dated April 25, 2014, the Supreme Court (Linda S. Jamison, J.), among other things, directed the sale of the property. On appeal, by decision and order dated February 24, 2016, this Court reversed the judgment of foreclosure and sale and modified the orders dated May 28, 2013, and June 24, 2013, so as to deny that branch of the plaintiff's motion which was for leave to renew its prior motion, inter alia, for summary judgment on the complaint, finding that the plaintiff failed to provide any explanation for its failure to present the new facts offered in support of the motion for leave to renew on the motion for summary judgment (see
Central Mtge. Co. v Resheff, 136 AD3d 962, 963).
Thereafter, the defendants moved, inter alia, for leave to renew their opposition to that branch of the plaintiff's prior motion which was for summary judgment dismissing the second affirmative defense, which alleged lack of standing. By order dated December 8, 2016, the Supreme Court (Linda S. Jamieson, J.), among other things, denied the defendants' motion, inter alia, for leave to renew and, "[i]n order to put this [standing] issue to rest once and for all," directed a hearing to determine whether the plaintiff possessed the original note at the commencement of the action. A hearing was held before Justice Lawrence H. Ecker in April 2017. At the conclusion of the hearing, Justice Ecker determined, inter alia, that "the note as presented by plaintiff's witness was the original note."
In December 2017, the plaintiff again moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer with affirmative defenses, and for an order of reference. In an order dated May 23, 2018, the Supreme Court (Linda S. Jamieson, J.), in effect, granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer with affirmative defenses, and for an order of reference, finding that after hearing the testimony and reviewing the exhibits, Justice Ecker ruled that the "[p]laintiff had standing to commence this foreclosure action." The court also determined that the plaintiff had established the defendants' default on the mortgage. In an order dated May 25, 2018, the court granted the same relief to the plaintiff. The order directed that the "[p]laintiff shall move for a Judgment of Foreclosure and Sale within 3 months of this Order or the action will be dismissed, unless good cause is shown." The referee issued a report dated October [*3]23, 2018. The action was administratively dismissed on January 25, 2019.
In an order and judgment of foreclosure and sale dated July 3, 2019, the Supreme Court (Linda S. Jamieson, J.), inter alia, granted those branches of the plaintiff's motion which were to vacate the January 25, 2019 administrative dismissal, to restore the action to the court's active calendar, to confirm the referee's report, and for a judgment of foreclosure and sale, denied the defendants' cross motion, inter alia, to dismiss the complaint insofar as asserted against them, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
In moving for summary judgment in an action to foreclose a mortgage, a plaintiff generally establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Where standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d at 889; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684).
"A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684).
"[A] promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674; see UCC 3-104[2][d]). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "The holder of an instrument whether or not he is the owner may . . . enforce payment in his [or her] own name" (UCC 3-301). Where an instrument is endorsed in blank, it may be negotiated by delivery (see id. §§ 3-202[1]; 3-204[2]). To establish standing as the holder of a note endorsed in blank, a plaintiff must demonstrate that it was in physical possession of the note prior to the commencement of the action (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685).
Here, in the order dated December 8, 2016, the Supreme Court directed a hearing to determine whether the plaintiff possessed the original note at the commencement of the action. At the hearing, which was held before Justice Ecker, the plaintiff's foreclosure manager, Kyle Loukota, identified a document (plaintiff's exhibit 1), as the original note dated November 7, 2006, executed by Karen Resheff, and endorsed in blank by MLD. Loukota also testified that the original note was physically delivered to the plaintiff on April 6, 2009, a date prior to the commencement of this action. At the conclusion of the hearing, Justice Ecker stated, in pertinent part: "the Court finds by a fair preponderance of the credible evidence and sticking within the confines of Judge Jamieson's order, that the note as presented by plaintiff's witness was the original note. . . . My finding is that the purpose of this hearing predicated upon Judge Jamieson's order of December 8, 2016, this Court finds that the testimony of the witnesses at this point in time this is the original note as far as standing; as far as authenticity, that's either subsumed in the prior motions and decisions in this case or made before the Appellate Division, I don't know."
In the order dated May 23, 2018, Justice Jamieson, in effect, granted the plaintiff's motion, inter alia, for summary judgment on the complaint, setting forth, among other things, that after hearing the testimony and reviewing the exhibits, Justice Ecker determined that the "[p]laintiff had standing to commence this foreclosure action." In the order dated May 25, 2018, Justice Jamieson, inter alia, granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer with affirmative defenses, and for an order of reference.
Contrary to Justice Jamieson's determination, Justice Ecker did not determine that the plaintiff had standing to commence this foreclosure action. Accordingly, Justice Jamieson improperly determined that the issue of standing had been determined by Justice Ecker. Moreover, the affidavit of Loukota submitted by the plaintiff in support of its motion for summary judgment failed to establish the plaintiff's standing. In his affidavit, Loukota set forth, inter alia, that the facts therein were based upon personal knowledge and the books and records maintained by the plaintiff, that the mortgage was assigned to the plaintiff by MERS as nominee for MLD on May 12, 2009, and that the plaintiff or its custodian had physical possession of the note and had taken physical delivery thereof on July 1, 2007. Loukota's assertion that the mortgage was assigned to the plaintiff by MERS as nominee for MLD on May 12, 2009, failed to establish the plaintiff's standing, since an assignment of the mortgage alone is insufficient to convey standing (see U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Loukota's assertion that the plaintiff or its custodian took possession of the note on July 1, 2007, was inadmissible hearsay, since Loukota did not allege that he had personal knowledge of the physical transfer, and the records upon which that assertion was based were not submitted with his affidavit (see Wells Fargo Bank, N.A. v Springer, 179 AD3d 749, 750; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774).
To the extent the plaintiff contends that the September 28, 2012 order constitutes law of the case with regard to the issue of standing, this Court is not bound by that order (see Lee v Allen, 165 AD3d 907, 908; Hothan v Mercy Med. Ctr., 105 AD3d 905, 905). Moreover, although "'[a]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court[ ] as well as the appellate court . . . [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change in law'" (Sicuranza v McDonald, 102 AD3d 762, 762, quoting Kenney v City of New York, 74 AD3d 630, 630-631), this Court's determination on Karen Resheff's prior appeal from, inter alia, the judgment of foreclosure and sale dated April 25, 2014, did not resolve the issue of standing.
Further, to the extent that the September 28, 2012 order necessarily affected the July 3, 2019 order and judgment of foreclosure and sale appealed from, that order is brought up for review on the defendants' appeal from that order and judgment of foreclosure and sale (see CPLR 5501[a][1]). Upon review of that order, we find that the Supreme Court erred in determining that the plaintiff established its standing based upon an assignment of the note and mortgage by MERS as nominee for MLD to the plaintiff on May 12, 2009, since the plaintiff failed to establish that MERS was a lawful holder or assignee of the note with authority to assign the note to the plaintiff (see Bank of N.Y. v Silverberg, 86 AD3d 274, 274).
Since the plaintiff failed to establish, prima facie, that it had standing as the holder or assignee of the note prior to commencement of the action, the Supreme Court improperly granted that branch of its motion which was for summary judgment dismissing the defendants' affirmative defense alleging lack of standing and those branches of its separate motion which were for summary judgment on the complaint insofar as asserted against the defendants (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685-686), and the order and judgment of foreclosure and sale must be reversed.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court