Reich v 559 St. Johns Pl, LLC (2022 NY Slip Op 02444)

Reich v 559 St. Johns Pl, LLC

2022 NY Slip Op 02444

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2018-13479
 (Index No. 501910/15)

[*1]Alexander Reich, appellant, 
v
559 St. Johns Pl, LLC, respondent, et al., defendants.

Alan J. Wohlberg, Brooklyn, NY (Joseph J. Haspel of counsel), for appellant.
Chidi A. Eze (Abrams Fensterman, LLP, Brooklyn, NY [Andrea J. Caruso], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 10, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 559 St. Johns Pl, LLC, to dismiss that defendant's affirmative defenses, and for an order of reference, and granted the branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it for lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2015, the plaintiff commenced this action against, among others, the defendant 559 St. Johns Pl, LLC (hereinafter the defendant), to foreclose a mortgage encumbering certain property owned by the defendant in Brooklyn. As is relevant to this appeal, the plaintiff alleged that the defendant failed to make any payments under the note and mortgage. The defendant interposed an answer containing affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to dismiss its affirmative defenses, and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it for lack of standing. By order dated October 10, 2018, the Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion. The plaintiff appeals.
The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to dismiss the defendant's affirmative defenses, and for an order of reference. In moving for summary judgment in an action to foreclose a mortgage, a plaintiff generally establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see Central Mtge. Co. v Resheff, 200 AD3d 640, 643). Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing that it is entitled to summary judgment (see id. at 643).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of standing. In support of his motion, he submitted, inter alia, the mortgage and the note, as well as an agreement reflecting a collateral assignment of the mortgage [*2]and the note to nonparty Lenox Pacific, LLC (hereinafter Lenox), prior to the commencement of the action, which raises triable issues of fact as to his standing (see Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638; U.S. Bank N.A. v Handler, 140 AD3d 948, 949). Moreover, the plaintiff's purported affidavit was executed on his behalf by an attorney-in-fact. Since a motion for summary judgment must be accompanied by an affidavit of a person having knowledge of the facts (see CPLR 3212[b]), the plaintiff's purported affidavit is defective, as he failed to proffer a power of attorney establishing the agency relationship between the attorney-in-fact and himself. In any event, the statutory powers granted to an attorney-in-fact under title 15 of article 5 of the General Obligations Law do not include the power to swear or sign an affidavit in the name of the principal (see Cymbol v Cymbol, 122 AD2d 771, 772).
Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, those branches of his motion which were for summary judgment on the complaint insofar as asserted against the defendant, to dismiss its affirmative defenses, and for an order of reference were properly denied regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it for lack of standing. The defendant demonstrated, prima facie, that the plaintiff lacked standing to commence the action by submitting evidence that the plaintiff executed the written assignment of the note and mortgage to Lenox prior to the commencement of the action. In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the defendant's remaining contentions.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court