Bank of N.Y. Mellon v Santos (2021 NY Slip Op 03160)





Bank of N.Y. Mellon v Santos


2021 NY Slip Op 03160


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-02262
 (Index No. 30605/16)

[*1]Bank of New York Mellon, etc., appellant,
v
Daniel Santos, respondent, et al., defendants.


Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
Dwight D. Joyce, Stony Point, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated January 14, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Daniel Santos, to strike that defendant's answer, and for an order of reference, and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 17, 2006, Daniel Santos (hereinafter the defendant) and Countrywide Mortgage Ventures, LLC, doing business as Hudson Home Loans (hereinafter Countrywide), entered into a consolidation, extension, and modification agreement, which consolidated two mortgages executed by the defendant. On the same date, the defendant executed a consolidated note (hereinafter the note) in the sum of $668,000 in favor of Countrywide, which was secured by a mortgage on residential property in Blauvelt (hereinafter the mortgage).
In February 2016, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant interposed an answer, asserting various affirmative defenses, including that the plaintiff lacked standing. The defendant also served various discovery demands. In April 2018, the defendant moved pursuant to CPLR 3126 to preclude the plaintiff from offering evidence responsive to his discovery demands based upon the plaintiff's failure to respond to those demands. On June 7, 2018, the Supreme Court granted the defendant's motion to the extent of precluding the plaintiff from using at trial any documents regarding "the authenticity of the stamped signature" on the note or its "possession of the note" (hereinafter the preclusion order).
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him, arguing, among other things, that the plaintiff could not meet its prima facie burden of establishing standing in light of the preclusion order, which precluded it from presenting [*2]any evidence regarding its possession of the note. In an order dated January 14, 2019, the Supreme Court, inter alia, granted the defendant's cross motion and denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The plaintiff appeals.
Contrary to the plaintiff's contention, the preclusion order is not brought up for review on the appeal from the order dated January 14, 2019, which is not a "final judgment" (CPLR 5501[a][1]). Further, since the plaintiff did not appeal from the preclusion order, which is not reviewable on the subject appeal, we have no basis to review that order.
"Where, as here, 'the issue of standing is raised by a defendant in a mortgage foreclosure action, a plaintiff must prove its standing in order to be entitled to relief against that defendant'" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1134, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v McEntee, 176 AD3d 1136, 1138). Here, in light of the directive in the preclusion order that the plaintiff is precluded from using any documents pertaining to, among other things, its "possession of the note," the plaintiff cannot establish it was in physical possession of the note at the time the action was commenced. Further, no evidence was presented that the note was assigned to the plaintiff. Consequently, the plaintiff cannot establish its standing to commence this action.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, and denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court