Extraco Banks, N.A. v Wilson (2021 NY Slip Op 04660)





Extraco Banks, N.A. v Wilson


2021 NY Slip Op 04660


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-06369
 (Index No. 500650/15)

[*1]Extraco Banks, N.A., respondent, 
v
Valencia James Wilson, et al., defendants, Bank of New York Mellon, etc., appellant.


Salamon, Gruber, Blaymore & Strenger, P.C., Roslyn Heights, NY (Sanford Strenger and Aaron D. Jones of counsel), for appellant.
Cooper Paroff & Graham P.C., Kew Gardens, NY (Henry M. Graham of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bank of New York Mellon appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 19, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The defendants Valencia James Wilson and Horace Wilson (hereinafter together the Wilsons) executed a note in the sum of $60,000 in favor of nonparty Cityscape Corp. (hereinafter Cityscape), which was secured by a mortgage executed by the Wilsons on residential property located in Brooklyn. Cityscape assigned the mortgage to nonparty AMC Financial Holdings, Inc. (hereinafter AMC), and thereafter, AMC assigned the mortgage and the note to the plaintiff.
The plaintiff commenced this mortgage foreclosure action against, among others, the Wilsons and a subordinate mortgagee, the defendant Bank of New York Mellon (hereinafter the defendant). The defendant interposed an answer in which it asserted, inter alia, that the plaintiff lacked standing.
Based on the plaintiff's allegedly deficient responses to the defendant's discovery demands and its noncompliance with the Supreme Court's preliminary conference order, the defendant moved pursuant to CPLR 3126 to strike the complaint or alternatively, to preclude the plaintiff from introducing certain evidence at trial. In an order dated July 30, 2018, the court granted the defendant's motion "to the extent that Plaintiff is precluded from offering evidence at trial that is responsive to [the defendant's] requests but has not been provided by Plaintiff in its discovery responses" (hereinafter the preclusion order).
Thereafter the defendant moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that, based on the preclusion order, the plaintiff would not be [*2]able to establish that it had standing or provide evidence of the Wilsons' default. In an order dated March 19, 2019, the Supreme Court denied the motion. The defendant appeals.
On a motion for "summary judgment dismissing the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 22). Standing is established in a mortgage foreclosure action by demonstrating that, at the time the action was commenced, the plaintiff was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). If relying upon physical delivery of the note, a plaintiff may establish its prima facie case by simply annexing the note, endorsed in blank or to the plaintiff, to the complaint, or by an affidavit of its representative (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355).
Here, the defendant failed to establish, prima facie, its entitlement to judgment as a matter of law. The defendant's own submissions demonstrated that the plaintiff annexed a copy of the note endorsed in blank to the complaint at the time the action was commenced (see id.). Consequently, the defendant was not entitled to summary judgment dismissing the complaint insofar as asserted against it on the basis of lack of standing, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Moreover, with respect to the defendant's contention that the plaintiff would not be able to establish the Wilsons' alleged default, as the plaintiff correctly contends, the preclusion order did not completely restrict it from offering any evidence of the Wilsons' default at trial, but rather, only precluded it from offering such evidence which it had in its possession, custody, or control, but failed to produce to the defendant. The preclusion order neither restricted the plaintiff's ability to introduce evidence it had produced to the defendant nor its right to call witnesses at trial, including, but not limited to, the Wilsons.
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court