Wells Fargo Bank, NA v Moussa (2022 NY Slip Op 00463)





Wells Fargo Bank, NA v Moussa


2022 NY Slip Op 00463


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2018-02689
 (Index No. 130444/13)

[*1]Wells Fargo Bank, NA, respondent, 
v
Hanna Moussa, etc., appellant, et al., defendants.


Hanna & Vlahakis, Brooklyn, NY (Mark Hanna of counsel), for appellant.
Shapiro, DiCaro and Barak, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph Teig], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hanna Moussa appeals from an order of the Supreme Court, Richmond County (Philip S. Straniere, J.), dated December 14, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Hanna Moussa and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Hanna Moussa (hereinafter the defendant) and for an order of reference. Where a defendant in a foreclosure action raises the issue of standing, the plaintiff must prove its standing to obtain relief (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 762; Bank of N.Y. Mellon v Santos, 194 AD3d 902, 903-904). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 762; see Bank of N.Y. Mellon v Santos, 194 AD3d at 904). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 762, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Extraco Banks, N.A. v Wilson, 197 AD3d 559, 560). Physical possession of the note is sufficient to confer standing even where the plaintiff is the servicer, not the owner, of the mortgage loan (see Central Mtge. Co. v Davis, 149 AD3d 898, 899).
Where a plaintiff is relying on physical possession of the note, it "may establish its prima facie case by simply annexing the note, endorsed in blank or to the plaintiff, to the complaint, or by an affidavit of its representative" (Extraco Banks, N.A. v Wilson, 197 AD3d at 560; see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1127; Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 893). Where the plaintiff meets this burden, evidence regarding the assignment of the mortgage is irrelevant (see Central Mtge. Co. v Davis, 149 AD3d at 900; Cenlar, FSB v Censor, 139 AD3d 781, 783-784).
"'[A] promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code'" (Central Mtge. Co. v Resheff, ___ AD3d ___, ___, 2021 NY Slip Op 06670, *3 [2d Dept], quoting Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674; see UCC 3-104[2][d]). "The holder of an instrument whether or not he [or she] is the owner may . . . enforce payment in his [or her] own name" (UCC 3-301; see Central Mtge. Co. v Resheff, ___ AD3d at ___, 2021 NY Slip Op 06670, *3; Wells Fargo Bank, N.A. v Burke, 166 AD3d 1054, 1054-1055). Here, contrary to the defendant's contention, the plaintiff was not required to demonstrate that it was the owner of the note in order to establish its standing, nor was it required to prove a chain of title for the note. Instead, the plaintiff, who was the servicer of the subject loan, attached a copy of the note, endorsed in blank, to the complaint. "'This alone was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the note at the time the action was commenced'" (Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 850, quoting Cenlar FSB v Tenenbaum, 172 AD3d 806, 807).
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court