U.S. Bank N.A. v Rozo-Castellanos (2022 NY Slip Op 00457)





U.S. Bank N.A. v Rozo-Castellanos


2022 NY Slip Op 00457


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-10062 
2018-10064
2020-06494
2020-06495
 (Index No. 609339/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Lena Rozo-Castellanos, et al., appellants, et al., defendants.


David L. Singer, P.C., Melville, NY, for appellants.
Leopold & Associates, PLLC (Saul O. Leopold and Greenberg Traurig, LLP, New York, NY [Ryan Sirianni and Patrick G. Broderick], of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Lena Rozo-Castellanos and George L. Castellanos appeal from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated July 16, 2018, (2) an order of the same court also dated July 16, 2018, (3) an order of the same court dated February 5, 2020, and (4) an order and judgment of foreclosure and sale (one paper) of the same court entered February 11, 2020. The first order dated July 16, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Lena Rozo-Castellanos and George L. Castellanos, to strike those defendants' answer and affirmative defenses, and for an order of reference. The second order dated July 16, 2018, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The order dated February 5, 2020, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon the orders dated July 16, 2018, and February 5, 2020, inter alia, directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated July 28, 2020, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals from the orders dated July 16, 2018, on the ground that the right of direct appeal therefrom terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated November 9, 2020, the motion to dismiss the appeals from the orders dated July 16, 2018, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders dated July 16, [*2]2018, is granted; and it is further, ORDERED that the appeals from the orders dated July 16, 2018, are dismissed; and it is further,
ORDERED that the appeal from the order dated February 5, 2020 is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motions which were for summary judgment on the complaint insofar as asserted against the defendants Lena Rozo-Castellanos and George L. Castellanos, to strike those defendants' answer and affirmative defenses, for an order of reference, and to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the orders dated July 16, 2018, and February 5, 2020, respectively, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Lena Rozo-Castellanos and George L. Castellanos.
The appeals from the orders dated July 16, 2018, and the order dated February 5, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 768). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248).
In August 2006, the defendant Lena Rozo-Castellanos executed a note in the sum of $392,000 in favor of GreenPoint Mortgage Funding, Inc. (hereinafter GreenPoint). To secure the note, Rozo-Castellanos and the defendant George L. Castellanos (hereinafter the defendants) executed a mortgage encumbering real property in Patchogue. The defendants allegedly defaulted on their obligations under the note and mortgage by failing to make the payments due on October 1, 2007, and thereafter.
By assignment of mortgage dated March 10, 2008, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for GreenPoint, assigned the mortgage to GMAC Mortgage, LLC (hereinafter GMAC). In 2008, and again in 2011, GMAC commenced actions against the defendants, among others, to foreclose the mortgage. Both actions were voluntarily discontinued on the motions of GMAC.
By assignment of mortgage dated August 13, 2014, GMAC assigned the mortgage to U.S. Bank National Association, as Trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR6 (hereinafter the plaintiff).
On August 31, 2015, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer in which they asserted various affirmative defenses, including lack of standing.
By notice of motion dated February 8, 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference. The defendants opposed the motion. In an order dated July 16, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order dated July 16, 2018, the court, inter alia, granted the same relief, and appointed a referee to compute the amount due to the plaintiff. In a subsequent order dated February 5, 2020, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered February 11, 2020, the court, among other things, directed the sale of the subject property. The defendants appeal.
Where, as here, a plaintiff's standing to commence a foreclosure action is placed in [*3]issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360—361; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011).
Here, the plaintiff established, prima facie, that it had standing to commence the action by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, endorsed in blank by GreenPoint, the original lender, to the certificate of merit filed with the summons and complaint (see Deutsche Bank Natl. Trust Co. v Auguste, 185 AD3d 657, 658).
In opposition, however, the defendants raised a triable issue of fact. Specifically, the defendants pointed out that copies of the note that had been produced in prior court proceedings had inconsistent endorsements. A note submitted by GMAC during a 2007 Chapter 7 bankruptcy proceeding involving the defendants appeared to lack any endorsement. The note submitted by GMAC in connection with the 2008 foreclosure action contained a special endorsement by GreenPoint to GMAC. And, as mentioned, the note submitted by the plaintiff in this action was endorsed in blank by GreenPoint.
"Pursuant to article 3 of the Uniform Commercial Code, a note can be endorsed, or signed over, to a new owner" (U.S. Bank N.A. v Moulton, 179 AD3d 734, 736). A note can also be endorsed in blank, naming no specific payee, which makes it a bearer instrument, so that any party that possesses it has the legal authority to enforce it (see UCC 3-202[1]; 3-204[2]; Deutsche Bank Natl Trust Co v Brewton, 142 AD3d 683, 685).
Here, the version of the note without endorsements, which was submitted to the bankruptcy court, was not necessarily inconsistent with the note endorsed in blank, which was annexed to the plaintiff's certificate of merit, since the copy of the note without endorsements might inadvertently not have included an endorsement located on the reverse side of the signature page.
The version of the note that contained the special endorsement by GreenPoint to GMAC, however, which was submitted in the 2008 foreclosure action, was not consistent with the endorsement in blank by GreenPoint. If the note was specially endorsed to GMAC, it would subsequently had to have been specially endorsed to the plaintiff or endorsed in blank by GMAC in order for the plaintiff to enforce it (see UCC 3-202[1]; 3-204[1]; cf. Deutsche Bank Natl. Trust Co. v LeTennier, 189 AD3d 2022, 2023). Thus, the defendants raised a triable issue of fact as to whether the plaintiff possessed the legal authority to enforce the note at the time this action was commenced (see U.S. Bank N.A. v Haughton, 189 AD3d 1305, 1306; EMC Mtge. Corp. v Tinari, 169 AD3d 1006, 1007; U.S. Bank N.A. v Handler, 140 AD3d 948, 950).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motions which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, for an order of reference, and to confirm the referee's report and for a judgment of foreclosure and sale.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court