Bank of N.Y. Mellon v Swift (2023 NY Slip Op 00404)

Bank of N.Y. Mellon v Swift

2023 NY Slip Op 00404

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-02822
 (Index No. 59016/15)

[*1]Bank of New York Mellon, etc., respondent,
v
John R. Swift, et al., appellants, et al., defendants.

Clair & Gjertsen, White Plains, NY (Erin K. Flynn of counsel), for appellants.
Akerman, LLP, New York, NY (Jordan M. Smith and Eric M. Levine of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants John R. Swift and Catherine M. Corrigan appeal from an order and judgement of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Sam D. Walker, J.), dated January 29, 2020. The order and judgment of foreclosure and sale, upon an order of the same court (Alan D. Scheinkman, J.) dated October 2, 2017, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against those defendants and denying those defendants' cross-motion pursuant to CPLR 3124 to compel disclosure, inter alia, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On August 30, 2004, the defendant John R. Swift executed a note in the amount of $1,080,000 in favor of Countrywide Home Loans, Inc. The note was secured by a mortgage on real property located in Ossining. The mortgage was signed by Swift and the defendant Catherine M. Corrigan (hereinafter together the defendants).
In May 2015, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. Attached to the complaint was a copy of the note, endorsed in blank. The defendants served an answer in which they asserted, inter alia, the affirmative defense that the plaintiff lacked standing. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants. The defendants opposed the motion, and cross-moved pursuant to CPLR 3124 to compel disclosure. In an order dated October 2, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied the defendants' cross-motion. On January 29, 2020, the court issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendants appeal.
Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 871-872; HSBC Bank [*2]USA, N.A. v Oscar, 161 AD3d 1055, 1056; US Bank N.A. v Cohen, 156 AD3d 844, 845). Where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 871-872; HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056; US Bank N.A. v Cohen, 156 AD3d at 845).
Contrary to the defendants' contentions, the plaintiff established, prima facie, that it had standing to foreclose by attaching a copy of the note endorsed in blank to the summons and complaint when the action was commenced (see U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d 995, 998; Citimortgage, Inc. v Heyman, 186 AD3d 1487, 1488). The plaintiff also produced a copy of the mortgage, a copy of the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 871; HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056).
In opposition, the defendants failed to raise a triable issue of fact. The defendants' contentions regarding the validity of various note and mortgage assignments are irrelevant to the issue of the plaintiff's standing (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 872; Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296). Where the note is attached to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained before a particular date (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 872; Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126, 1127).
The defendants' further contention that the plaintiff's motion for summary judgment was premature is without merit. "'[A] grant of summary judgment is not premature merely because discovery has not been completed'" (U.S. Bank N.A. v Wiener, 171 AD3d 1241, 1242, quoting Lamore v Panapoulos, 121 AD3d 863, 864). Here, the defendants failed to establish what additional facts they hoped to uncover through further discovery that might be capable of raising a triable issue of fact as to standing despite the plaintiff's attachment of the note, endorsed in blank, to the complaint at the time of commencement (see CPLR 3212[f]; U.S. Bank N.A. v Wiener, 171 AD3d at 1242). For this same reason, the Supreme Court providently denied the defendants' cross-motion pursuant to CPLR 3124 to compel disclosure (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 872; Silvergate Bank v Calkula Props., Inc., 150 AD3d at 1296).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants, denied the defendants' cross-motion pursuant to CPLR 3124 to compel disclosure, and directed the sale of the subject property.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court