Deutsche Bank Trust Co. Ams. v McDonald (2023 NY Slip Op 02494)

Deutsche Bank Trust Co. Ams. v McDonald

2023 NY Slip Op 02494

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-07159 
2020-07160
 (Index No. 606249/15)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
v
Christopher McDonald, appellant.

Young Law Group, PLLC, Bohemia, NY (Daniel G. Eugene of counsel), for appellant.
Fein Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Christopher McDonald appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated August 4, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christopher McDonald, to strike that defendant's answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
In August 2005, the defendant Christopher McDonald (hereinafter the defendant), executed a note in the principal sum of $350,000 in favor of HSBC Mortgage Corporation (USA). The note was secured by a mortgage on certain real property located in Suffolk County. Thereafter, the mortgage was assigned to the plaintiff.
In June 2015, the plaintiff commenced this action to foreclose the mortgage, following the defendant's default on his required monthly mortgage payments beginning in August 2009. The defendant interposed an answer, asserting various affirmative defenses, including lack of standing.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant opposed the motion, arguing that the plaintiff lacked standing. By order dated August 4, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order, also dated August 4, 2020, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. On appeal, the sole issue is whether the plaintiff had standing to commence the action. The defendant does not dispute that he has been in default on the mortgage loan since August 2009.
"Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d 995, 998; see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 998; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-361; Wells Fargo Bank, NA v Moussa, 201 AD3d 1010, 1011). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 998; see Wells Fargo Bank, NA v Moussa, 201 AD3d at 1011).
Where a plaintiff is relying on physical possession of the note, it "may establish its prima facie case by simply annexing the note, endorsed in blank or to the plaintiff, to the complaint, or by an affidavit of its representative" (Wells Fargo Bank, NA v Moussa, 201 AD3d at 1011 [internal quotation marks omitted]). "Where the note is attached to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained before a particular date" (Bank of N.Y. Mellon v Swift, 213 AD3d 624, 626; see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872).
Here, the Supreme Court properly determined that the plaintiff established, prima facie, that it had standing to commence this action by attaching a copy of the note endorsed in blank to the complaint when the action was commenced (see Bank of N.Y. Mellon v Swift, 213 AD3d at 625; U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 998; Deutsche Bank Natl. Trust Co. v Auguste, 185 AD3d 657, 658). In opposition, the defendant failed to raise a triable issue of fact. The defendant's reliance on a second copy of the note is misplaced. "Pursuant to article 3 of the Uniform Commercial Code, a note can be endorsed, or signed over, to a new owner" (U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 999 [internal quotation marks omitted]; see U.S. Bank N.A. v Moulton, 179 AD3d 734, 736). "A note can also be endorsed in blank, naming no specific payee, which makes it a bearer instrument, so that any party that possesses it has the legal authority to enforce it" (U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 999; see UCC 3-202[1]; 3-204[2]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685). Here, as noted, the note attached to the complaint was endorsed in blank. The second copy, relied on by the defendant, differed from the note attached to the complaint only in that it contained a special endorsement to the plaintiff. This discrepancy is inconsequential. The note containing a special endorsement to the plaintiff is not inconsistent with the note endorsed in blank, since the copy of the note without endorsements might inadvertently omitted an endorsement located on the reverse side of the signature page (see U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 999). In any event, either copy of the note establishes that the plaintiff had standing to commence this foreclosure action (see Wells Fargo Bank, NA v Moussa, 201 AD3d at 1011).
Contrary to the defendant's contention, a document entitled "CONSOLIDATED NOTES LOG," which reflects that nonparty Bank of New York (BONY) may have had possession of the note in December 2013, does not raise a triable issue of fact. Here, where the action was commenced in June 2015, it does not matter who possessed the note in December 2013. Further, to the extent that the defendant takes issues with an affidavit submitted in support of the plaintiff's motion, inter alia, for summary judgment, "[s]ince standing was established by the annexation of the note to the complaint, the admissibility and sufficiency of [the affidavit] is irrelevant" (Deutsche Bank Natl. Trust Co. v Smartenko, 199 AD3d 643, 645; see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1128; Deutsche Bank Natl. Trust Co. v Karibandi, 188 AD3d 650, 652).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference (see Bank of N.Y. Mellon v Swift, 213 AD3d at 625-626; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 872; cf. U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 998).
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court