Emigrant Bank v Kaufman (2024 NY Slip Op 00064)

Emigrant Bank v Kaufman

2024 NY Slip Op 00064

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-02061
 (Index No. 510363/16)

[*1]Emigrant Bank, appellant,
v
Yitzchok Kaufman, et al., respondents, et al., defendants.

Terenzi & Confusione, P.C., Garden City, NY (Jacqueline M. Della Chiesa of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (N. Dean Boyer and Abraham David of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 13, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Yitzchok Kaufman and 1828 51, LLC, which was for leave to reargue their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference, which had been granted in an order of the same court dated July 1, 2019, and, upon reargument, in effect, vacated so much of the order dated July 1, 2019, as granted those branches of the plaintiff's prior motion, and, thereupon, denied those branches of the plaintiff's prior motion.
ORDERED that the order dated January 13, 2020, is modified, on the law, by deleting the provisions thereof, upon reargument, in effect, vacating so much of the order dated July 1, 2019, as granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants Yitzchok Kaufman and 1828 51, LLC, to strike those defendants' answer, and for an order of reference, and, thereupon, denying those branches of the plaintiff's prior motion, and substituting therefor provisions, upon reargument, adhering to the original determination in the order dated July 1, 2019, granting those branches of the plaintiff's prior motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
On August 14, 2007, Yitzchok Kaufman (hereinafter Kaufman), individually and as a member of 1828 51, LLC (hereinafter the LLC, and, together with Kaufman, the defendants), executed a note in the sum of $600,000 in favor of Emigrant Mortgage Company, Inc. (hereinafter Emigrant Mortgage). The note was secured by a mortgage executed by Kaufman, as a member of the LLC, on certain residential property located in Brooklyn. The defendants allegedly defaulted on their obligations under the note and mortgage by failing to make the monthly payments due on February 1, 2010, and thereafter. By assignment of mortgage dated July 23, 2010, Emigrant Mortgage assigned the mortgage to Retained Realty, Inc. (hereinafter Retained). By assignment of mortgage dated October 7, 2015, Retained assigned the mortgage to Emigrant Bank (hereinafter the [*2]plaintiff). In June 2016, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. At the same time, the plaintiff filed a certificate of merit, to which were attached, inter alia, copies of the note and the assignments of mortgage dated July 23, 2010, and October 7, 2015. The defendants interposed an answer in which they asserted various affirmative defenses, including lack of standing.
In August 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated July 1, 2019, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion.
Thereafter, the defendants moved, inter alia, for leave to reargue with respect to the prior motion and cross-motion, arguing, among other things, that the plaintiff failed to establish its standing to commence this foreclosure action. The plaintiff opposed the motion. In an order dated January 13, 2020, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for leave to reargue their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, and, upon reargument, in effect, vacated so much of the order dated July 1, 2019, as granted those branches of the plaintiff's prior motion, and, thereupon, denied those branches of the plaintiff's prior motion. The plaintiff appeals.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). While the determination to grant leave to reargue lies within the sound discretion of the court (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773), a motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (McGill v Goldman, 261 AD2d 593, 594; see Jaspar Holdings, LLC v Gotham Trading Partners #1, LLC, 186 AD3d 582, 584; Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d at 773; Woody's Lbr. Co., Inc. v Jayram Realty Corp., 30 AD3d 590, 593).
Here, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for leave to reargue their opposition to the subject branches of the plaintiff's prior motion. Contrary to the plaintiff's contention, the defendants did not improperly raise the issue of standing for the first time on their motion, inter alia, for leave to reargue (see Shallash v New Is. Hosp., 66 AD3d 988, 991; cf. Woody's Lbr. Co., Inc. v Jayram Realty Corp., 30 AD3d at 592-593).
However, the Supreme Court erred in, upon reargument, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, on the ground that the plaintiff failed to establish its standing. "Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d 995, 998; see Deutsche Bank Trust Co. Ams. v McDonald, 216 AD3d 735; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 998; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-361; Wells Fargo Bank, NA v Moussa, 201 AD3d 1010, 1011). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 998; see Wells Fargo Bank, NA v Moussa, 201 AD3d at 1011).
Contrary to its contention, the plaintiff failed to establish, prima facie, its standing based on its physical possession of the note at the time of commencement of the action. Although a copy of the note was annexed to the certificate of merit filed with the complaint, it contained no endorsement, either on the signature page or in an allonge (see CitiMortgage, Inc. v Goldberg, 197 AD3d 616, 619; Bank of N.Y. Mellon v Ettinger, 176 AD3d 1152, 1155). Moreover, the affidavit of Maryann Monteserrato, an assistant vice president of the plaintiff, submitted in support of the plaintiff's prior motion, was insufficient to establish that the plaintiff possessed the endorsed note when the action was commenced. Monteserrato averred in her affidavit that the note was physically delivered to the plaintiff prior to the commencement of the action and attached to her affidavit a copy of the note with an undated allonge containing an endorsement of the note by Emigrant Mortgage to "Emigrant Savings Bank - Brooklyn/Queens" (hereinafter Emigrant Savings), as well as an endorsement by Emigrant Savings in blank. However, Monteserrato failed to submit the business record on which she relied for her assertion that the note was physically delivered to the plaintiff prior to the commencement of the action (see OneWest Bank, FSB v Fraiser, 210 AD3d 994, 995-996; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203-206).
Nevertheless, the plaintiff established, prima facie, its standing as the assignee of the note. "'[N]o special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it'" (Deutsche Bank Natl. Trust Co. v Romano, 147 AD3d 1021, 1023, quoting Bank of N.Y. v Silverberg, 86 AD3d 274, 280-281; see U.S. Bank N.A. v Akande, 136 AD3d 887, 889). Here, in the assignment of mortgage dated July 23, 2010, Emigrant Mortgage, the original lender, assigned the note, "[t]ogether with the bond or obligation described in [the] mortgage, and the moneys due to grow due thereon with interest," to Retained. In the assignment of mortgage dated October 7, 2015, Retained similarly assigned the mortgage, "[t]ogether with the bond or obligation described in [the] mortgage, and the moneys due to grow due thereon with interest," to the plaintiff. As the plaintiff correctly contends, the language in the assignments was "'broad enough to transfer the interest in the mortgage as well as the underlying debt'" (DLJ Mtge. Capital, Inc. v Pittman, 150 AD3d 818, 820, quoting Deutsche Bank Natl. Trust Co. v Romano, 147 AD3d at 1023 [internal quotation marks omitted]; see Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307-1308; see also Real Property Law § 258). Accordingly, the Supreme Court, upon reargument, should have adhered to its original determination granting those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court