Metropolitan Life Ins. Co. v Wahid (2024 NY Slip Op 04260)

Metropolitan Life Ins. Co. v Wahid

2024 NY Slip Op 04260

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-09633
 (Index No. 702997/19)

[*1]Metropolitan Life Insurance Company, respondent,
v
Rajlakshmi Wahid, et al., defendants, 214 St. Management, Inc., appellant.

Rosenfeld Law Office, PLLC, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 214 St. Management, Inc., appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated November 30, 2021. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2006, Abdul Wahid and the defendant Rajlakshmi Wahid (hereinafter together the borrowers) executed a note in the principal sum of $400,000. The note was secured by a mortgage on certain real property located in Queens. On the last page of the note as it appears in the record on appeal, there is an undated endorsement in blank, seemingly modified by a handwritten special endorsement, followed by three undated allonges, collectively endorsing the note to the plaintiff.
In or around July 2009, the borrowers entered into a loan modification agreement, whereby the borrowers agreed, among other things, that the principal balance due under the subject loan documents would be modified to $469,597.69.
In or around May 2014, Rajlakshmi Wahid entered into a second loan modification agreement, whereby the principal balance due under the loan documents was modified to $503,786.42 (hereinafter the 2014 loan modification agreement). It is undisputed that the 2014 loan modification agreement was not recorded.
In December 2016, Rajlakshmi Wahid conveyed the subject property to the defendant 214 St. Management, Inc. (hereinafter Management).
In February 2019, the plaintiff commenced this action against Management and the borrowers, among others, to foreclose the subject mortgage, alleging, inter alia, that the borrowers [*2]defaulted under the terms of the loan documents. Management interposed an answer, asserting affirmative defenses and counterclaims.
The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Management, to strike Management's answer, and for an order of reference. Management opposed. In an order dated November 30, 2021, the Supreme Court, inter alia, granted those branches of the motion, determining that through the plaintiff's submission of the loan documents and evidence of default, the plaintiff established its prima facie entitlement to judgment as a matter of law, and Management failed to raise a triable issue of fact in opposition. Management appeals.
"Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default" (Bank of N.Y. Mellon v Swift, 213 AD3d 624, 625). "Where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (id.; see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 871-872).
As Management asserted lack of standing as an affirmative defense in its answer, it was incumbent upon the plaintiff to demonstrate its standing to foreclose to meet its prima facie burden on its motion (see Bank of N.Y. Mellon v Swift, 213 AD3d at 625). As the Supreme Court correctly found, the plaintiff, through its submission of the loan documents and evidence of default, established its prima facie entitlement to judgment as a matter of law (see id.).
In opposition, Management submitted an affirmation with attachments from its counsel. The Management's counsel asserted, among other things, that Management did not have any notice of the unrecorded 2014 loan modification agreement, without providing any further explanation or documentary support for that assertion. This submission was insufficient to raise a triable issue of fact (see Bank of Am., N.A. v Terry, 177 AD3d 669, 670). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Management, to strike Management's answer, and for an order of reference (see Bank of N.Y. Mellon v Swift, 213 AD3d at 625).
The parties' remaining contentions either are without merit, need not be reached in light of our determination, or are improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court