Bank of Am., N.A. v Yeo Seon Kim (2025 NY Slip Op 05057)

Bank of Am., N.A. v Yeo Seon Kim

2025 NY Slip Op 05057

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-11183
 (Index No. 719720/20)

[*1]Bank of America, National Association, etc., respondent, 
v
Yeo Seon Kim, et al., appellants, et al., defendants.

McGovern Doherty & Kim, PLLC, New York, NY (Brian J. Doherty of counsel), for appellants.
Hinshaw & Culbertson LLP, New York, NY (Gabrielle B. Mannuzza and Ben Z. Raindorf of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yeo Seon Kim and Kyu O. Kim appeal from an order of the Supreme Court, Queens County (Scott Dunn, J.), dated July 22, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defense alleging lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 20, 2006, the defendants Yeo Seon Kim and Kyu O. Kim (hereinafter together the defendants) purportedly executed a consolidation, extension, and modification agreement (hereinafter the CEMA) in favor of Washington Mutual Bank, FA (hereinafter WaMu). The plaintiff subsequently commenced this foreclosure action against the defendants, among others, alleging that they failed to comply with the terms of the CEMA. In 2022, the plaintiff moved, among other things, pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defense alleging lack of standing. In an order dated July 22, 2024, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. The defendants appeal.
CPLR 3211(b) provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." "When moving to dismiss, the plaintiff bears the burden of demonstrating that the affirmative defenses 'are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case, or fail to state a defense'" (Shah v Mitra, 171 AD3d 971, 974, quoting Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 748). "On a motion pursuant to CPLR 3211(b), the court should apply the same standard it applies to a motion to dismiss pursuant to CPLR 3211(a)(7), and the factual assertions of the defense will be accepted as true" (id. [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Rios, 160 AD3d 912, 913). "Moreover, if there is any doubt as to the availability of a defense, it should not be dismissed" (Shah v Mitra, 171 AD3d at 974 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Rios, 160 AD3d at 913).
"'A plaintiff establishes its standing in a mortgage foreclosure action by [*2]demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note'" (Emigrant Bank v Kaufman, 223 AD3d 650, 652, quoting U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d 995, 998; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-361). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (Emigrant Bank v Kaufman, 223 AD3d at 652, quoting U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d at 998; see Wells Fargo Bank, NA v Moussa, 201 AD3d 1010, 1011).
Here, the plaintiff demonstrated that the defendants' affirmative defense alleging lack of standing was without merit as a matter of law (see Shah v Mitra, 171 AD3d at 974). The plaintiff established that it was the assignee of the note prior to the commencement of the action by submitting an assignment of mortgage stating, inter alia, that WaMu, the original lender, assigned the subject mortgage to the plaintiff "together with the bond or note or obligation described in said mortgage, and the moneys due and to grow due thereon with interest" (see Emigrant Bank v Kaufman, 223 AD3d at 653). The defendants have not raised any doubt as to the unavailability of the defense of lack of standing (see Shah v Mitra, 171 AD3d at 974).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defense alleging lack of standing.
The defendants' remaining contentions are without merit.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court